IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| TOMAS H. RATNER and ROSALYNDA RATNER | ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) ) ) |
| NORCOLD, INC. | ) ) |
| DEFENDANT. | ) ) ) |

Case No: 3:10-cv-00524

Judge: William J. Haynes, Jr.
Magistrate:

JURY DEMAND

## NORCOLD, INC.'S MOTION AND MEMORANDUM OF LAW TO DISMISS CERTAIN PLAINTIFFS' CLAIMS

Norcold moves this court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Plaintiffs' claims for damages to their recreational vehicle ("RV"). Plaintiffs' claimed damages as to their RV are based strictly in tort. Seeking property damages in tort for the product itself is not allowed pursuant to Tennessee law and the economic loss doctrine. Plaintiffs should be barred from recovering any damages to their RV.

### Background

Plaintiffs claim an alleged malfunctioning refrigerator, which was incorporated in their 2001 Fleetwood American Dream RV, caught fire and burned the RV.[1] The fire allegedly destroyed the RV.[2] Plaintiffs filed suit against the manufacturer of the refrigerator, Norcold, seeking damages for the RV, personal property, personal injuries of Plaintiff Rosalynda Ratner, and emotional distress of the Plaintiffs.[3] Plaintiffs' two theories of liability are negligence in

---

[1] Complaint, ¶¶ 5, 6
[2] Id., ¶ 7
[3] Id., *ad damnum*

manufacturing the refrigerator and strict liability for manufacturing a product that is alleged to be defective or unreasonably dangerous.[4]

### Pure economic damages in tort are not allowed

Plaintiffs' claimed damages, which are all based strictly in tort, are 1.) loss of the RV; 2.) personal property located in the RV; 3.) personal injuries to Plaintiff Rosalynda Ratner; and 4.) emotional distress of both Plaintiffs.[5] This motion only seeks dismissal of Plaintiffs' damages as to the loss of the RV. The loss of the RV is purely an economic damage and can not be recovered in tort.

As stated by the Tennessee Supreme Court, "Tennessee has joined those jurisdictions which hold that product liability claims resulting in pure economic loss can be better resolved on theories other than negligence."[6] Further, "[a] plaintiff in Tennessee cannot recover for purely economic/ pecuniary damages under a theory of negligence or strict liability if there is no privity between the plaintiff and defendant."[7] While economic damages are not recoverable in tort, a plaintiff is able to recover damages for other property damage or personal injury.[8]

The courts have defined a cause of action seeking an economic loss as one to recover damages for "inadequate value, cost of repair, and replacement of defective goods or consequential loss of profits".[9] As to property damage, the courts have defined it as physical harm to the user's property.[10]

---

[4] Id., ¶¶ 8 - 15
[5] Id., *ad damnum*
[6] *Ritter v Custom Chemicides, Inc.*, 912 S.W.2d 128, 133 (Tenn.1995)
[7] *Hasler Aviation, L.L.C. v Aircenter, Inc.*, 2007 WL 2263171, *7 (E.D.Tenn.2007), relying upon *First Nat'l Bank of Louisville v Brooks Farms*, 821 S.W.2d 925, 931 (Tenn.1991)
[8] *Memphis-Shelby County Airport Authority v Illinois Valley Paving Company*, 2006 WL 3041492, *2 (W.D.Tenn.2006)
[9] *Id*. at *3, citing *Messer Griesheim Indus., Inc. v Cryotech of Kingsport, Inc.*, 131 S.W.3d 457 (Tenn.Ct.App.2003)
[10] *Id*.

Additionally, as in this case, Tennessee courts have previously addressed the barring of economic damages involving an alleged defective component incorporated in the product. This legal issue was recently addressed by our Supreme Court in *Lincoln General Insurance Company v. Detroit Diesel Corporation, et al.*, 293 S.W.3d 487 (Tenn.2009). In *Lincoln General*, the Supreme Court was certifying a question from this court. The facts were analogous to our case. A bus was traveling on I-65 when it caught on fire due to an alleged engine defect. The fire only caused damage to the bus. After the insurer filed suit against the bus manufacturer and the engine manufacturer, the bus manufacturer moved to dismiss all of plaintiff's tort claims due to the claims being barred by the economic loss doctrine. The plaintiff sought exclusion to the economic loss doctrine based upon an unreasonably dangerous product or sudden, calamitous event. The certified question was: "Does Tennessee law recognize an exception to the economic loss doctrine under which recovery in tort is possible for damage to the defective product itself when the defect renders the product unreasonably dangerous and causes the damage by means of a sudden, calamitous event?"[11]

The Supreme Court first discussed the reasoning for the economic loss doctrine as "a judicially created principle that reflects an attempt to maintain separation between contract law and tort law by barring recovery in tort for purely economic loss."[12] In recognizing Tennessee's adoption of the economic loss doctrine, the court stated "[i]n Tennessee, the consumer does not have an action in tort for economic damages under strict liability."[13]

---

[11] *Lincoln General* at 488
[12] *Id.*, internal citations omitted
[13] *Id.*

The court answered the certified question by ruling that Tennessee would not create an exception to the economic loss doctrine based on an unreasonably dangerous product or sudden, calamitous event. Therefore, plaintiff's tort claims would be barred pursuant to the economic loss doctrine.[14]

Further, the issue of an alleged defective component part being the cause of a product's damage thus barring recovery pursuant to the economic loss doctrine was expounded upon in *Tennessee Farmers Mutual Insurance Co. v Ford Motor Company*, 2002 WL 1332492 (Tenn.Ct.App.2002). The court in *Tennessee Farmer's*, relying upon the seminal Supreme Court case of *East River Steam Ship Corp. v Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), stated "[w]hen the unit is damaged by a defective component part, the result is economic loss."[15]

In our case, Plaintiffs allege the refrigerator, an incorporated component of the RV, caught fire and damaged the RV. Plaintiffs' only causes of action are based on negligence and strict liability. Further, Plaintiffs' claimed damages relative to the RV are purely economical. The economic loss doctrine bars Plaintiffs from recovery of any damages related to the RV or any component of the RV.

### **Conclusion**

Based on the economic loss doctrine and Tennessee law, all of Plaintiffs claimed damages as to the RV or any component of the RV should be dismissed with prejudice.

---

[14] *Id.* at 493
[15] *Tennessee Farmers Mutual Insurance Co. v Ford Motor Company*, 2002 WL 1332492, *5 (Tenn.Ct.App.2002)

Respectfully submitted,

    s/J. BRITT PHILLIPS
J. BRITT PHILLIPS #20937
**Sutter, O'Connell and Farchione**
341 Cool Springs Boulevard, Suite 430
Franklin, TN 37067
(615) 771-5008
bphillips@sutter-law.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been forwarded via the Court's ECF system to Sean J. Martin, 1720 West End Avenue, Suite 300 Nashville TN 37203, on this the 2nd day of July, 2010.

    s/J. BRITT PHILLIPS
J. BRITT PHILLIPS