IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS H. RATNER and ROSALYNDA RATNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | NO. 3:10-0524 JUDGE HAYNES |
| v. | ) ) | |
| NORCOLD, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs, Thomas H. Ratner and Rosalynda Ratner, Tennessee citizens, filed this action under 28 U.S.C. § 1332, the federal diversity jurisdiction statute, against the Defendant, Norcold, Inc., a Delaware corporation with its principal place of business in Ohio. Plaintiffs assert state law claims arising from a refrigerator installed in their 2001 Fleetwood American Dream recreational vehicle ("RV") that caught fire and burned the Plaintiffs' RV. Plaintiffs allege that the fire destroyed their RV and caused loss of their personal property, personal injuries to Plaintiff Rosalynda Ratner, and emotional distress to both Plaintiffs. Plaintiffs assert claims for negligence in manufacturing the refrigerator and strict liability for the Defendant's defective or unreasonably dangerous product.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 7), contending, in sum, that Tennessee's economic loss doctrine precludes any damage claims arising from Plaintiffs' lost RV under theories of negligence or product liability. In response, Plaintiffs assert that Tennessee precedent does not preclude their RV damage claims.

In Ritter v. Custom Chemicides, Inc., 912 S.W.2d 128, 133 (Tenn. 1995), the Tennessee Supreme Court state that "Tennessee has joined those jurisdictions which hold that product

1

liability claims resulting in pure economic loss can be better resolved on theories other than negligence." In <u>Lincoln General Insurance Company v. Detroit Diesel Corporation, et al.</u>, 293 S.W.3d 487 (Tenn. 2009), the Tennessee Supreme Court accepted the certified question from this court, namely "Does Tennessee law recognize an exception to the economic loss doctrine under which recovery in tort is possible for damage to the defective product itself when the defect renders the product unreasonably dangerous and causes the damage by means of a sudden, calamitous event?" <u>Id.</u> at 488. In <u>Lincoln General</u>, the claims arose from a bus fire caused by an alleged engine defects. The insurer sued the bus manufacturer and the engine manufacturer.

In sum, the Tennessee Supreme Court clarified that the economic loss doctrine applies where the product is defective and damages are only to the product itself. In <u>Lincoln General</u>, the Tennessee Supreme Court adopted the version of the economic loss doctrine in <u>East River Steam Ship Corp. v. Transamerica Delaval, Inc.</u>, 476 U.S. 858 (1986), as "a bright-line rule that precludes recovery in tort when a product damages itself without causing personal injury or damage to other property." <u>Lincoln General</u>, 293 S.W.3d at 490. The Tennessee Supreme Court further explained that:

> **The economic loss doctrine is implicated in products liability cases when a defective product damages itself without causing personal injury or damage to other property.** In this context, "economic loss" is defined generally as "the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." Two types of economic loss, direct and consequential, occur when a defective product is damaged. **Direct economic loss may be measured by the defective product's cost of repair or replacement. Consequential economic losses, such as lost profits, result from the product owner's inability to use the product.**
> 
> \* \* \*
> 
> **We interpret "property damage" to mean damage to property other than the defective product.** A product's self-destruction is naturally understood as

2

"economic loss" because it "is indistinguishable in consequence from the product's simple failure to function."

Id. at 489, 490 (emphasis added) (citations omitted).[1]

The economic loss doctrine was created to prevent "contract law [from] drown[ing] in a sea of tort." East River, 476 U.S. at 866. Defendant's interpretation would allow the reverse, with contract law overwhelming tort law. Given the Tennessee Supreme Court's discussion of the economic loss doctrine in Lincoln General, such a result is untenable.

Here, the Defendant manufactured the refrigerator. Although Defendant classifies the refrigerator as a "component" of Plaintiffs' RV, the complaint alleges that the Defendant's product was also "installed" into their RV. (Docket Entry No. 1-1, Complaint at ¶ 4. Plaintiffs' claims are not for the product's "self-destruction," but rather the resulting damages to the RV and Plaintiffs' property caused by the allegedly defective refrigerator. See Lincoln General, 293 S.W.3d at 490. Plaintiffs' damage claims clearly fall outside the economic loss doctrine.

Accordingly, Defendant's motion to dismiss (Docket Entry No. 7) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 7th day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[1] The Defendant also notes Tennessee Farmers Mutual Insurance Co. v. Ford Motor Company, 2002 WL 1332492, at *2 (Tenn. Ct. App. 2002), where the Tennessee Court of Appeals described the United States Supreme Court's ruling that "[w]hen the unit is damaged by a defective **component** part, the result is economic loss." (citing East River, 476 U.S. at 871) (emphasis added). The damage at issue in Tennessee Farmers, however, involved defective steering columns on automobiles causing them to be spontaneously combust, resulting in the destruction of the vehicles, but no other damage or injuries. Id. at *1. Yet, given that Lincoln General was decided by the Tennessee Supreme Court in 2009, Tennessee Farmers, decided in 2002, is not controlling. In diversity actions, the district court is bound only by decisions of the State's highest court. Grantham & Mann v. Am. Safety Products, 831 F.2d 596, 608 (6th Cir. 1987)

3