# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THOMAS H. RATNER and ROSALYNDA RATNER, ) ) ) | |
| Plaintiffs, ) ) | No. 3:10-00524 |
| v. ) ) | JUDGE HAYNES |
| NORCOLD, INC., ) ) | |
| Defendant. ) | |

# MEMORANDUM

Plaintiffs, Thomas H. Ratner and Rosalynda Ratner, Tennessee citizens, originally filed this action in Rutherford County, Tennessee Circuit Court, against the Defendant, Norcold. Inc., a Delaware corporation with its principal place of business in Ohio. Plaintiffs assert state law claims arising from a refrigerator installed in their 2001 Fleetwood American Dream recreational vehicle ("RV") that caught fire and burned the Plaintiffs' RV. Plaintiffs allege that the fire destroyed their RV and caused loss of their personal property, personal injuries to Plaintiff Rosalynda Ratner, and emotional distress to both Plaintiffs. Plaintiffs assert claims for negligence in manufacturing the refrigerator and strict liability for the Defendant's defective or unreasonably dangerous product. The Defendant removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute, without objection. The parties proceeded with discovery of their claims.

Before the Court is the Defendant's motion for partial summary judgment (Docket Entry No. 20), contending, in sum, that Tennessee's economic loss doctrine precludes any damage claims as to Plaintiffs' RV under tort theories of negligence or product liability. Although Plaintiffs have not filed a response to Defendant's motion for partial summary judgment, under Fed. R. Civ. P. 56(e),

without a response the Court cannot award summary judgment "by default," but can only ward summary judgment, if appropriate. See 2010 advisory committee notes to Rule 56(e).

For the reasons set forth, the Court concludes that Defendant's motion for partial summary judgment should be denied.

## A. FINDINGS OF FACT[1]

Plaintiffs' RV is a 2001 Fleetwood American Dream with vehicle identification number 4VZBR23981C037624. (Docket Entry No. 21, Defendant's Statement of Undisputed Facts, at ¶ 1). Defendant sold its Norcold 1200 LRIM refrigerator, serial number 846396, to Fleetwood RV, Inc. Id. at ¶ 3. The 1200 LRIM refrigerator's primary purpose is for incorporation, as a component, into an RV. Id. at ¶ 4. Fleetwood incorporated the Norcold 1200 LRIM refrigerator (serial number 846396) into Plaintiffs' RV, as an original component, at the time Fleetwood manufactured Plaintiffs' RV. Id. at ¶¶ 2, 5-6. When Fleetwood first placed Plaintiffs' RV in the stream of commerce by offering it for sale, the Norcold 1200 LRIM refrigerator (serial number 846396) was a component of the RV. Id. at ¶ 7. On February 10, 2010, Plaintiffs' RV caught fire, destroying Plaintiffs' RV and causing loss of their personal property, personal injuries to Rosalynda Ratner, and emotional distress to both Plaintiffs. (Docket Entry No. 1, Exhibit A, Complaint at ¶¶ 6-7, 14-15).

## B. CONCLUSIONS OF LAW

Summary judgment is appropriate where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P.

---

[1]Defendant filed contemporaneously with its motion for partial summary judgment a statement of undisputed facts, (Docket Entry No. 21), in accordance with Local Rule 56.01(b). Plaintiffs have not filed a response to Defendant's statement of undisputed facts. Accordingly, Defendant's proffered statements of fact are undisputed for purposes of partial summary judgment. Local Rule 56.01(g).

56(c). Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). However, where, as here, the non-moving party does not formally oppose the motion for summary judgment, a court "may-- grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

As a diversity action, Plaintiff's claims are governed by state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The parties agree that Tennessee law governs Plaintiff's claims.

In Ritter v. Custom Chemicides, Inc., 912 S.W.2d 128 (Tenn. 1995), the Tennessee Supreme Court stated that "Tennessee has joined those jurisdictions which hold that product liability claims resulting in pure economic loss can be better resolved on theories other than negligence." Id. at 133. In Lincoln General Insurance Company v. Detroit Diesel Corporation, et al., 293 S.W.3d 487 (Tenn. 2009), the Tennessee Supreme Court accepted the certified question from this district, namely "Does Tennessee law recognize an exception to the economic loss doctrine under which recovery in tort is possible for damage to the defective product itself when the defect renders the product unreasonably dangerous and causes the damage by means of a sudden, calamitous event?" Id. at 488. There, the claims arose from a bus fire caused by an alleged engine defect. The fire did not cause any personal injury or damage to any property other than the bus. The insurer sued the bus manufacturer and the engine manufacturer. Id.

Explaining the economic loss doctrine, the Tennessee Supreme Court stated:

> The economic loss doctrine is implicated in products liability cases when a defective product damages itself without causing personal injury or damage to other property. In this context, "economic loss" is defined generally as "the diminution in the value

of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." Two types of economic loss, direct and consequential, occur when a defective product is damaged. Direct economic loss may be measured by the defective product's cost of repair or replacement. Consequential economic losses, such as lost profits, result from the product owner's inability to use the product.

Id. at 489 (citations omitted).

In examining the economic loss doctrine where only the defective product is damaged, the Tennessee Supreme Court adopted the version of the economic loss doctrine defined in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 868-71 (1986) as a "bright-line rule that precludes recovery in tort when a product damages itself without causing personal injury or damage to other property." Id. The Tennessee Supreme Court further stated that "property damage" means "damage to property other than the defective product" and that "[a] product's self-destruction is naturally understood as 'economic loss' because it 'is indistinguishable in consequence from the product's simple failure to function.'" Id. at 492 (citations omitted).

The Supreme Court addressed the issue of "whether a cause of action in tort is stated when a defective product purchased in a commercial transaction malfunctions, injuring only the product itself and causing purely economic loss." East River, 476 U.S. at 859. There, a shipbuilder contracted with a manufacturer to design and manufacture turbines for oil-transporting supertankers. Id. at 859. The turbines malfunctioned because of design and manufacturing defects, causing only damage to the turbines. Id. at 859-61. In assessing the plaintiff's claims, the Supreme Court stated:

> In the traditional "property damage" cases, the defective product damages other property. In this case, there was no damage to "other" property. Rather, the first, second, and third counts allege that each supertanker's defectively designed turbine components damaged only the turbine itself. Since each turbine was supplied by [the defendant] as an integrated package, each is properly regarded as a single unit. "Since all but the very simplest of machines have component parts, [a contrary] holding

4

would require a finding of 'property damage' in virtually every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict products liability." Northern Power & Engineering Corp. v. Caterpillar Tractor Co., 623 P.2d 324, 330 (Alaska 1981). The fifth count also alleges injury to the product itself.

Id. at 867. The Court concluded that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." Id. at 871. The Court explained, "When a product injures only itself the reasons for imposing a tort duty are weak and those for leaving the party to its contractual remedies are strong." Id.

As stated previously by this Court (Docket Entry No. 19 at 3), Plaintiffs' claims are not for the product's "self-destruction," but rather the resulting damages to the RV and Plaintiffs' personal property caused by Defendant's product, as well as Rosalynda Ratner's personal injuries, caused by the allegedly defective refrigerator. Thus, Plaintiffs' damages claims fall outside the economic loss doctrine. As previously noted by this Court, Tennessee Farmers Mut. Ins. Co. v. Ford Motor Co., No. W2001-00046-COA-R3-CV, 2002 WL 1332492, at *1 (Tenn. Ct. App. June 17, 2002) involved defective steering columns on automobiles causing them to spontaneously combust, resulting in the destruction of the vehicles, but no other damage or injuries. Id. at 3 n.1. See also Tungate v. Volvo Trucks of North America, LLC , No. 3:09-0579, 2009 WL 4249200, at *1 (M.D. Tenn. Nov. 24, 2009) (noting that plaintiff did not suffer any personal injury or property damage). Further, Tennessee Farmers is not controlling as Lincoln General was decided by the Tennessee Supreme Court in 2009. In diversity actions, the district court is bound only by decisions of the State's highest court. Grantham & Mann v. Am. Safety Products, Inc., 831 F.2d 596, 608 (6th Cir. 1987).

Accordingly, the Court concludes that Defendant's motion for partial summary judgment (Docket Entry No. 20) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the 9th day of May, 2010.

_____
WILLIAM J. HAYNES, JR.
United States District Judge